UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22343-BLOOM/Louis

PAOLO LUBELLO,

    Plaintiff,

v.

OCEAN CC, LLC,
d/b/a FORTE DE MARMI,

    Defendant.
_____/

## ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

**THIS CAUSE** is before the Court upon the parties' Joint Motion Requesting Order Approving Settlement Agreement and to Dismiss Lawsuit with Prejudice, ECF No. [19] ("Motion"), filed on November 13, 2019.

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, case in which the parties have stipulated to dismissal, following a settlement. The two circumstances in which FLSA claims may be compromised are claims that are: 1) supervised by the Secretary of Labor, pursuant to 29 U.S.C. § 216(c); and 2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See id.* at 1354-55. Although some courts consider FLSA settlement agreements *in camera*, this Court believes that the better practice, in light of the purpose and history of the FLSA, is to require that such agreements be filed in the public record. *See Molnoski v. Batmasian*, No.

16-CV-81789, 2017 WL 2984164, at *1 (S.D. Fla. July 12, 2017) (denying request to review FLSA settlement *in camera*); *Palacios v. MetroPCS Fla., LLC*, 2013 WL 12152418, at *1 (S.D. Fla. Aug. 12, 2013) ("[O]nly truly extraordinary circumstances justify keeping settlement agreements out of the public record."); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245-46 (M.D. Fla. 2010) (finding that reviewing an FLSA settlement agreement *in camera* "thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace"); *see also Webb v. CVS Caremark Corp.*, 2011 WL 6743284, *1-*2 (M.D. Ga. Dec. 23, 2011) (denying motion to submit confidential FLSA settlement agreement under seal); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) ("Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair."). The Court therefore denies the parties' request to review the settlement agreement *in camera*.

Nonetheless, upon review of the record and the parties' documented basis for a settlement of the FLSA case, including an award of attorneys' fees to Plaintiff's counsel as the prevailing party, the Court finds that settlement of this action is fair and reasonable and that the requested fee is fair and reasonable and not grossly excessive.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [19]**, is **GRANTED**.
2. The Settlement Agreement and General Release, ECF No. [19-1] ("Settlement Agreement"), which has been duly filed as a record of the Court, is **APPROVED** in its entirety.
3. This case is **DISMISSED WITH PREJUDICE**, and all pending motions are

Case No. 19-cv-22343-BLOOM/Louis

**DENIED AS MOOT**.

4. The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 14, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record